**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HERMES IP MANAGEMENT LLC, | |
| *Plaintiff*, | |
| v. | Civil Action No. 2:26-cv-421 |
| | JURY TRIAL DEMANDED |
| TCL TECHNOLOGY GROUP CORPORATION, | |
| *Defendant*. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Hermes IP Management LLC ("Hermes") files this Complaint against Defendant TCL Technology Group Corporation ("TCL" or "Defendant") and states as follows:

### NATURE OF THE CASE

1. This is an action for patent infringement of United States Patent Nos. 8,855,720; 9,613,060; and 8,537,977 (collectively, the "Patents in Suit") under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

### PARTIES

2. Plaintiff Hermes is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business at 8105 Rasor Boulevard, Suite 210 Plano, Texas 75024. Hermes is the assignee of the Patents in Suit.

3. Upon information and belief, Defendant TCL is a foreign corporation organized  in the People's Republic of China, with its principal place of business at Block B, 18/F, TCL Tower, Gaoxin Nanyi Road, Nanshn District, Shenzhen, Guangdong 518057, China. TCL does business in Texas and in the Eastern District of Texas, directly or through intermediaries, such as its wholly-owned subsidiaries and affiliates. TCL is responsible for making, using, offering to sell, selling,

and/or importing TCL-branded smartphones in the United States (directly or through its wholly-owned subsidiaries and affiliates), including in this District.

4.    TCL induces its subsidiaries, affiliates, retail partners, and customers, along with its own actions, in the making, using, selling, offering for sale, and/or importing throughout the United States, including within this District, infringing products (such as TCL-branded smartphones) and placing such products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas. TCL purposefully directs the Accused Products, as defined herein, into established distribution channels within this District and the United States nationally. For example, TCL, either directly or through its wholly-owned subsidiaries and affiliates, sells and offers to sell the Accused Products through its website, https://us.tcl.com/, which may be accessed throughout the United States, the State of Texas, and this District. Additionally, TCL has authorized sellers and sales representatives that offer for sale and sell the Accused Products throughout the State of Texas and to consumers throughout this District, such as: Walmart, 1701 East End Boulevard North, Marshall, Texas 75670; Verizon, 1016 West Southwest Loop 323, Tyler, Texas 75701; Verizon, 500 East Loop 281, Longview, Texas 75605; and Walmart, 3100 Custer Road, Plano, Texas 75075.

5.    TCL maintains a corporate presence in the United States via at least its wholly-owned subsidiaries and/or affiliates, including TCT Mobile (US) Inc. ("TCT Mobile") and TTE Technology Inc. ("TTE Technology"). TCL, TCT Mobile, and TTE Technology Inc. are herein referred to as the "TCL Group."

6.    TCL and its U.S.-based subsidiaries and affiliates (which act as part of a global network of sales and manufacturing subsidiaries) operate as agents of one another and vicariously

as parts of the TCL Group to work in concert together. For example, in its 2024 Annual Report, the TCL group is described as follows:

> During the year, the Group and its subsidiaries (collectively referred to as the "Group") were mainly involved in the manufacture and sale of television ("TV") sets, smartphones, smart connective devices, smart commercial display and smart home products, all-category marketing, photovoltaic business and the provision of internet platform operating services.

Exhibit A, TCL 2024 Annual Report at 147.  Therein, TCL identifies TCT Mobile as a principal subsidiary involved in the "[d]istribution of mobile devices" in the United States. *Id.* at 151. As such, TCT Mobile is an agent of TCL. Similarly, TCL identifies TTE Technology as a principal subsidiary involved in "[t]rading of TV products and related components" in the United States. *Id.* at 149. At the direction and control of TCL, the U.S.-based subsidiaries and affiliates (including but not limited to TCT Mobile and TTE Technology) make, use, import, offer to sell, and/or sell TCL-branded smartphones that infringe the Asserted Patents, as defined herein, including in the State of Texas and this District.

7.      TCL, alone and through its U.S.-based subsidiaries and affiliates (such as TCT Mobile and TTE Technology), places such infringing products into the stream of commerce via established distribution channels knowing or understanding that such products would be sold and used in the United States, including in the Eastern District of Texas. TCL has derived substantial revenue from infringing acts in the United States, including from the sale and use of infringing products.

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 101 *et seq.*

9.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

10.    This Court has personal jurisdiction over TCL because, directly or through wholly owned and controlled subsidiaries and/or affiliates, TCL has committed acts within the Eastern District of Texas giving rise to this action and/or has established minimum contacts with the Eastern District of Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

11.    Alternatively, this Court has personal jurisdiction over TCL under Fed. R. Civ. P. 4(k)(2).

12.    Venue is proper in this District under 28 U.S.C. § 1391(c) because TCL is a foreign corporation and suits against foreign entities are proper in any judicial district. 28 U.S.C. § 1391(c)(3); *In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

## THE ASSERTED PATENTS

13.    On October 7, 2014, U.S. Patent Number 8,855,720 (the "'720 Patent"), entitled "Method and Apparatus for Providing a Plurality of Screens in Idle State of Mobile Terminal," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '720 Patent is attached as Exhibit B to this Complaint.

14.    The '720 Patent issued from U.S. patent application Serial Number 13/466,699 filed on May 8, 2012, claims priority to PCT application PCT/KR2006/002302 filed on June 15, 2006, and discloses and relates to setting an idle screen to be displayed in an idle state of a mobile terminal among a plurality of screens usable as the idle screen.

15.    The '720 Patent claims patent-eligible subject matter and is valid and enforceable.

16.    Hermes is the sole owner of all rights, title, and interest in and to the '720 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '720 Patent.

17.    On April 4, 2017, U.S. Patent Number 9,613,060 (the "'060 Patent"), entitled "Location-Based Service Method and System Using Location Data Included in Image Data," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '060 Patent is attached as Exhibit C to this Complaint.

18.    The '060 Patent issued from U.S. patent application No. 11/911,879 filed on March 27, 2008, and claims priority to Korean patent application No. 10-2005-0032452 filed on April 19, 2005, and discloses and relates to a location-based method using image data provided by a terminal equipped with a camera.

19.    The '060 Patent claims patent-eligible subject matter and is valid and enforceable.

20.    Hermes is the sole owner of all rights, title, and interest in and to the '060 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '060 Patent.

21.    On September 17, 2013, U.S. Patent Number 8,537,977 (the "'977 Patent"), entitled "Apparatus and Method for Voice Processing in Mobile Communication Terminal," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '977 Patent is attached as Exhibit D to this Complaint.

22.    The '977 Patent issued from U.S. patent application No. 12/525,050 filed on July 29, 2009, and claims priority to Korean patent application No. 10-2007-0035046 filed on April 10, 2007, and Korean patent application No. 10-2008-0016382 filed on February 22, 2008, and discloses and relates to voice processing operating with a first and a second microphone.

23.    The '977 Patent claims patent-eligible subject matter and is valid and enforceable.

24.     Hermes is the sole owner of all rights, title, and interest in and to the '977 Patent including the right to sue for and collect past, present, and future damages and to seek and obtain injunctive or any other relief for infringement of the '977 Patent.

## THE ACCUSED PRODUCTS

25.     TCL makes, uses, sells, offers for sale, and/or imports into the United States consumer electronics listed below that infringe various claims of the '720 Patent (the "'720 Accused Products").

26.     The '720 Accused Products include, but are not limited to the TCL 40SE, 40 NXTPaper, 40XL, 40 NxtPaper 5G, 20 Pro 5G, 403, 30 SE, 10 Pro, 20 R 5G, 30 XL, 10L, 10 5G, 20 SE, 408, 30+, 40 X, 40 XE, Stylus, 30 5G, 306, 30 XE 5G, ION X, 40R, A3, 40 X, 20 XE, 405, 30, 30 V 5G, 20E, 10 SE, 10 Plus, 406, 305, Plex, 20 5G, 20L+, 20L, A30, 30E, 20Y, 20S, 30 LE, 10 5G UW, 20B, 205, L10Pro, and all other devices running Android 4.4.

27.     TCL further makes, uses, sells, offers for sale, and/or imports into the United States consumer electronics listed below that infringe various claims of the '060 Patent (the "'060 Accused Products").

28.     The '060 Accused Products include, but are not limited to, the TCL 40SE, 40 NXTPaper, 40XL, 40 NxtPaper 5G, 20 Pro 5G, 403, 30 SE, 10 Pro, 20 R 5G, 30 XL, 10L, 10 5G, 20 SE, 408, 30+, 40 X, 40 XE, Stylus, 30 5G, 306, 30 XE 5G, ION X, 40R, A3, 40 X, 20 XE, 405, 30, 30 V 5G, 20E, 10 SE, 10 Plus, 406, 305, Plex, 20 5G, 20L+, 20L, A30, 30E, 20Y, 20S, 30 LE, 10 5G UW, 20B, 205, L10Pro, and all other devices running Android 4.4 and above.

29.     TCL makes, uses, sells, offers for sale, and/or imports into the United States the consumer electronics listed below that infringe various claims of the '977 Patent (the "'977 Accused Products").

- 6 -

30.    The '977 Accused Products include, but are not limited to, the TCL 40SE, 40 NXTPaper, 40XL, 40 NxtPaper 5G, 20 Pro 5G, 403, 30 SE, 10 Pro, 20 R 5G, 30 XL, 10L, 10 5G, 20 SE, 408, 30+, 40 X, 40 XE, Stylus, 30 5G, 306, 30 XE 5G, ION X, 40R, A3, 40 X, 20 XE, 405, 30, 30 V 5G, 20E, 10 SE, 10 Plus, 406, 305, Plex, 20 5G, 20L+, 20L, A30, 30E, 20Y, 20S, 30 LE, 10 5G UW, 20B, 205, L10Pro, and all other devices having dual microphones with noise suppression.

### CLAIM I: INFRINGEMENT OF THE '720 PATENT

31.    Hermes hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

32.    TCL directly and/or jointly through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly and/or indirectly infringe at least exemplary method claims 1-6 of the '720 Patent pursuant to 35 U.S.C. § 271 by actually practicing themselves or by inducing others to practice the claimed methods of the '720 Patent in the United States via the '720 Accused Products.

33.    For example, TCL directly practiced the method claims during the internal testing of the '720 Accused Products and/or indirectly induces others, such as their affiliates and/or end user customers, to directly practice the method claims during the foreseeable and planned use of the '720 Accused Products.

34.    TCL further directly and/or through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly infringe at least exemplary claims 8-11, 13-15 of the '720 Patent pursuant to 35 U.S.C. § 271 by making, using, selling, or offering to sell, and/or importing in the United States, the '720 Accused Products.

35.    On information and belief, the '720 Accused Products comprise a mobile terminal and practice a method for setting an idle screen to be displayed in an idle state among a plurality

of screens usable as the idle screen, the mobile terminal includes a user interface configured to be operable by a user; a display unit and a control unit configured to select application programs from application programs installed in the mobile terminal, based on an input from the user interface, wherein each of the selected application programs is allocated to one of the screens so that the screens present shortcut icons of the application programs allocated thereto display, in the idle state, one of the screens as the idle screen on the display unit of the mobile terminal, wherein the currently displayed idle screen presents the shortcut icons corresponding to the application programs allocated thereto display, in response to an idle screen switch request from the user interface, a next one of the screens on the display unit according to an order of the screens, and set a currently displayed screen as the idle screen to be displayed in the idle state wherein the control unit is configured to display, on the display unit, the idle screen with indicators corresponding to the screens, and wherein an indicator corresponding to the screen, which is set as the idle screen, is displayed distinguishably from the rest of the indicators.  *See* Exhibit E.

36.    TCL has actual notice of the '720 Patent and the infringement alleged herein since at least as early as October 3, 2023.

37.    TCL has failed to take adequate steps to determine whether or not they were infringing or would infringe the '720 Patent, despite having been on notice of and lacking permission to practice the '720 Patent.

38.    Therefore, TCL is liable for infringement of the '720 Patent and its infringement has been and continues to be willful in nature.

39.    Plaintiff Hermes has incurred and will continue to incur substantial damages, including monetary damages.

40.    Plaintiff Hermes has been and continues to be irreparably harmed by TCL's infringement of the '720 Patent.

41.    Therefore, Plaintiff Hermes is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## CLAIM II: INFRINGEMENT OF THE '060 PATENT

42.    Hermes hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

43.    TCL directly and/or jointly through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly and/or indirectly infringe at least exemplary method claims 1, 3, 4, 6, 7, 9, 11-12 of the '060 Patent pursuant to 35 U.S.C. § 271 by actually practicing themselves or by inducing others to practice the claimed methods of the '060 Patent in the United States via the '060 Accused Products.

44.    For example, TCL directly practiced the method claims during the internal testing of the '060 Accused Products and/or indirectly induces others, such as their affiliates and/or end user customers, to directly practice the method claims during the foreseeable and planned use of the '060 Accused Products.

45.    On information and belief, the '060 Accused Products practice a location-based service method using image data provided by a terminal equipped with a camera, and using location data that includes location information of the terminal, including generating first image data with the terminal at a predetermined location; receiving location data of the predetermined location; prompting a user to choose whether or not to insert the received location data into the first image data to generate a second image data and, when the user chooses to do so, inserting the received location data into the first image data to generate a second image data; transmitting the

second image data, the second image data including the first image data and the location data, to another terminal; receiving, at the another terminal, a selection input for an image corresponding to the second image data, from the user; displaying, at the another terminal, an image corresponding to the first image data, and a menu inquiring about whether to select a location-based service; receiving, at the another terminal, via the displayed menu, a selection input for the location-based service, from the user; receiving, at the another terminal, location-based service data corresponding to the location data of the selected second image data; and providing the location-based service to the another terminal by using the received location-based service data. *See* Exhibit F.

46.     TCL has actual notice of the '060 Patent and the infringement alleged herein since at least as early as October 3, 2023.

47.     TCL has failed to take adequate steps to determine whether or not they were infringing or would infringe the '060 Patent, despite having been on notice of and lacking permission to practice the '060 Patent.

48.     Therefore, TCL is liable for infringement of the '060 Patent and its infringement has been and continues to be willful in nature.

49.     Plaintiff Hermes has incurred and will continue to incur substantial damages, including monetary damages.

50.     Plaintiff Hermes has been and continues to be irreparably harmed by TCL's infringement of the '060 Patent.

51.     Therefore, Plaintiff Hermes is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## CLAIM III: INFRINGEMENT OF THE '977 PATENT

52.     Hermes hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

53.     TCL directly and/or jointly through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly infringe at least exemplary claims 6-9 of the '977 Patent pursuant to 35 U.S.C. § 271 by making, using, selling, or offering to sell, and/or importing in the United States, the '977 Accused Products.

54.     Further, TCL directly and/or jointly through its subsidiaries, affiliates, agents, and/or business partners, have in the past and continue to directly and/or indirectly infringe at least exemplary method claims 18-19 of the '977 Patent pursuant to 35 U.S.C. § 271 by actually practicing themselves or by inducing others to practice the claimed methods of the '977 Patent in the United States via the '977 Accused Products.

55.     For example, TCL directly practiced the method claims during the testing of the '977 Accused Products and/or indirectly induces others, such as their affiliates and/or end user customers, to directly practice the method claims during the foreseeable and planned use of the '977 Accused Products.

56.     On information and belief, the '977 Accused Products are an apparatus that practices a method for voice processing in a mobile communication terminal, including a first microphone installed on one side of the mobile communication terminal; a second microphone installed on the other side of the mobile communication terminal; a voice and noise processor for bypassing and outputting sound signals received through the first microphone and sound signals received through the second microphone, or canceling and outputting noise from among the first and second sound signals, respectively; a voice recording function processor for encoding signals output from the voice and noise processor; and a controller for controlling operations of the voice

- 11 -

and noise processor and the voice recording function processor based on the recording mode of the first and second sound signals.  *See* Exhibit G.

57.  TCL has actual notice of the '977 Patent and the infringement alleged herein since at least as early as October 3, 2023.

58.  TCL has failed to take adequate steps to determine whether or not they were infringing or would infringe the '977 Patent, despite having been on notice of and lacking permission to practice the '977 Patent.

59.  Therefore, TCL is liable for infringement of the '977 Patent and its infringement has been and continues to be willful in nature.

60.  Plaintiff Hermes has incurred and will continue to incur substantial damages, including monetary damages.

61.  Plaintiff Hermes has been and continues to be irreparably harmed by TCL's infringement of the '977 Patent.

62.  Therefore, Plaintiff Hermes is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre-judgment and post-judgment interest, enhanced damages, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Hermes requests that a judgment be entered in favor of Hermes and against TCL, and that Hermes be granted the following relief:

(i)  A finding that TCL has directly and/or indirectly infringed one or more claims of the '720 Patent, either literally and/or under the doctrine of equivalents;

(ii)  A finding that TCL has directly and/or indirectly infringed one or more claims of the '060 Patent, either literally and/or under the doctrine of equivalents;

(iii)    A finding that TCL has directly and/or indirectly infringed one or more claims of the '977 Patent, either literally and/or under the doctrine of equivalents;

(iv)    An award of damages sufficient to compensate Hermes for TCL's infringement of the '720 Patent pursuant to 35 U.S.C. § 284;

(v)    An award of damages sufficient to compensate Hermes for TCL's infringement of the '060 Patent pursuant to 35 U.S.C. § 284;

(vi)    An award of damages sufficient to compensate Hermes for TCL's infringement of the '977 Patent pursuant to 35 U.S.C. § 284;

(vii)   An award of prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

(viii)  A payment of ongoing royalties in an amount to be determined for any continued infringement after the date that judgement is entered;

(ix)    Treble damages for willful infringement as permitted under 35 U.S.C. § 284;

(x)    An award of attorneys' fees incurred in prosecuting this action, on the basis that this is an exceptional case provided by 35 U.S.C. § 285;

(xi)    An order enjoining TCL, its officers, subsidiaries, agents, servants, and employees, and all persons in active concert with any of the foregoing from further infringement of the Asserted Patents for their remaining life; and

(xii)   Such other and further relief as this Court shall deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of any and all issues triable of right before a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: May 21, 2026

Respectfully submitted,


By: */s/ Nicholas Najera*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Neal G. Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Nicholas Najera
Texas Bar No. 24127049
nnajera@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75251
Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff Hermes IP Management LLC*