**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| HERMES IP MANAGEMENT LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>TCL ELECTRONICS HOLDINGS LIMITED,<br><br>*Defendant.* | **Case No. 2:26-cv-00421-JRG**<br><br>**Hon. James Rodney Gilstrap**<br><br>**Jury Trial Demanded** |

**DEFENDANT TCL ELECTRONICS HOLDINGS LIMITED'S**
**RULE 12(b)(6) MOTION TO DISMISS**

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. LEGAL STANDARD ..... 2

III. HERMES FAILS TO STATE A CLAIM FOR INDUCED INFRINGEMENT ..... 3

A. Hikma Requires Factual Allegations Showing Affirmative Acts Designed to Encourage Infringement. 3

B. Hermes Alleges Only Ordinary Commercial Conduct. ..... 5

C. Hikma Rejects Inferring an Inducement Theory from the Complaint as Impermissibly Speculative. .7

IV. HERMES FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT ..... 8

A. Hermes Does Not Plausibly Allege That the Only Named Defendant Committed Any Act of Direct Infringement. ..... 8

B. Hermes Fails to Plausibly Allege That Any Method Claim Was Practiced in the United States. ..... 10

C. Hermes Fails to Plausibly Allege Direct Infringement of the Asserted Apparatus Claims. ..... 12

V. CONCLUSION ..... 13

## TABLE OF AUTHORITIES

*Ashcroft v. Iqbal*,
556 U.S. 662, 678 (2009)........................................................................................ passim

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 570 (2007)........................................................................................ 5, 6

*Global-Tech Appliances, Inc. v. SEB S. A.*,
563 U.S. 754, 766 (2011)........................................................................................ 6, 7, 9

*Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*,
146 S. Ct. 1391 (2026)........................................................................................ passim

*Limelight Networks, Inc. v. Akamai Technologies*, Inc.,
572 U.S. 915, 920–21 (2014)........................................................................................ 6

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd* ........................................................ 6, 7, 8, 9

*NTP, Inc. v. Research In Motion, Ltd.*,
418 F.3d 1282, 1318 (Fed. Cir. 2005)........................................................................ 14, 15

*Takeda Pharmaceuticals U.S.A., Inc. v. West-Ward Pharmaceutical Corp.*,
785 F.3d 625, 632 (Fed. Cir. 2015)........................................................................ 7, 10

Defendant TCL Electronics Holdings Limited ("TCL Electronics") respectfully moves to dismiss the First Amended Complaint ("Complaint") filed by Plaintiff Hermes IP, LLC ("Hermes") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Complaint fails to state a plausible claim for relief. For at least the reasons set forth below, Hermes fails to plausibly allege either induced infringement under 35 U.S.C. § 271(b) or direct infringement by the only named defendant, TCL Electronics, under 35 U.S.C. § 271(a). Accordingly, the Court should dismiss the Complaint.

## I. INTRODUCTION

Hermes alleges that Defendant TCL Electronics directly and indirectly infringes several patents relating to wireless communication and multimedia technologies. But the Complaint does not plausibly allege that the only named defendant either committed acts of direct infringement in the United States or engaged in conduct sufficient to support a claim for induced infringement. Instead, Hermes relies on conclusory allegations, collective pleading, and speculation that fall short of the pleading standards required by Rule 12(b)(6).

Hermes's induced infringement claim fails because it alleges nothing more than ordinary commercial conduct. The Complaint asserts that TCL Electronics manufactures, distributes, markets, and sells accused products, maintains websites, and provides user manuals and other product documentation. But the Supreme Court recently made clear that such allegations, without factual allegations showing affirmative acts specifically intended to encourage infringement, do not plausibly state a claim for induced infringement. Hermes alleges no facts showing that TCL Electronics instructed, encouraged, or otherwise affirmatively promoted the performance of the patented methods. Rather, the Complaint simply assumes that customers who purchase accused

products will infringe and does not allege any affirmative acts intended to encourage infringement, which the Supreme Court has rejected as insufficient.

Hermes's direct infringement claim fares no better. Hermes chose to sue only TCL Electronics, a Hong Kong company, yet repeatedly attributes alleged infringing conduct to undefined groups such as "TCL" and "TCL Group" without identifying which acts were alleged to actually be performed by the named defendant. The Complaint likewise alleges that TCL Electronics practiced certain asserted method claims through "testing" but pleads no facts regarding where, when, or by whom such testing occurred. Nor does the Complaint plausibly allege that TCL Electronics itself made, used, sold, offered for sale, or imported any accused products in the United States.

Because Hermes fails to plausibly allege either induced infringement or direct infringement by the only named defendant, the Complaint fails to state a claim upon which relief can be granted. For at least these reasons, the Court should dismiss the Complaint.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court accepts well-pleaded factual allegations as true for purposes of a Rule 12(b)(6) motion, a plaintiff must plead sufficient factual content to permit the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678.

A complaint does not satisfy Rule 8 merely by reciting the elements of a cause of action or offering conclusory assertions unsupported by factual allegations. *Id.* Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Allegations that establish only the possibility of liability, rather than a plausible entitlement to relief, are insufficient. *Iqbal*, 556 U.S. at 678–79.

Accordingly, while the Court accepts well-pleaded factual allegations as true, it need not accept legal conclusions couched as factual allegations, unwarranted inferences, or speculative assertions unsupported by factual allegations. *See id.* at 678. The relevant inquiry is whether the Complaint contains sufficient factual matter to state a plausible claim for relief under the governing law. *Id.* at 679.

## III. HERMES FAILS TO STATE A CLAIM FOR INDUCED INFRINGEMENT

### A. *Hikma* Requires Factual Allegations Showing Affirmative Acts Designed to Encourage Infringement.

The Supreme Court recently clarified the pleading requirements for induced infringement under 35 U.S.C. § 271(b) in *Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391 (2026). The Court explained that a claim for induced infringement "requires three elements: direct infringement by a third party; knowledge that 'the induced acts constitute patent infringement'; and 'active steps . . . to encourage direct infringement.'" *Id.* at 1394 (quoting *Limelight Networks, Inc. v. Akamai Technologies*, Inc., 572 U.S. 915, 920–21 (2014); *Global-Tech Appliances, Inc. v. SEB S. A.*, 563 U.S. 754, 766 (2011); and *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005)). The Court made clear that the dispositive question was whether the complaint plausibly alleged that the defendant "actively encouraged infringing use," not merely whether third parties "could plausibly read the alleged statements as instructions to infringe." *Id.* at 1396.

With respect to the third element, the Court held that "'active steps' involve 'purposeful, culpable expression and conduct'" and require "'affirmative,' as opposed to passive, actions 'to bring about the desired result' of patent infringement." *Id.* at 1400 (quoting *Grokster*, 545 U.S. at

937 and *Global-Tech*, 563 U.S. at 760). By contrast, "ordinary acts incident to product distribution" are "insufficient to support liability." *Id.* (quoting *Grokster*, 545 U.S. at 937). Accordingly, allegations that merely describe conduct consistent with ordinary commercial activity do not plausibly plead inducement.

The Court likewise rejected the theory that a plaintiff may survive dismissal by alleging only that a defendant's statements *could* lead others to infringe. Instead, it held that "[a]llegations of 'active steps' cannot be based only on 'vague' language 'combined with speculation about how [others] may act.'" *Id.* at 1395 (quoting *Takeda Pharmaceuticals U.S.A., Inc. v. West-Ward Pharmaceutical Corp.*, 785 F.3d 625, 632 (Fed. Cir. 2015)). The Court further explained that "statements designed to stimulate others form a narrower category than statements that could stimulate others." *Id.* at 1400. Thus, the relevant inquiry is whether the defendant's statements or conduct were themselves designed to encourage infringement—not whether they might be interpreted that way through a speculative chain of inferences.

Finally, applying the familiar pleading standards of *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*, the Supreme Court held that allegations establishing only a "'possib[le]'" chain of events do not satisfy Rule 12(b)(6). *Id.* at 1402 (quoting *Iqbal*, 556 U.S. at 678). Rather, a complaint must plead facts showing "more than a sheer possibility" that the defendant affirmatively encouraged infringement. *Id.* (quoting *Iqbal*, 556 U.S. at 678). Accordingly, after *Hikma*, a plaintiff cannot state a claim for induced infringement by relying on ordinary commercial conduct, omissions, vague statements, or speculation about how third parties might act. Instead, the complaint must contain factual allegations plausibly showing affirmative acts designed to encourage infringement.

**B. Hermes Alleges Only Ordinary Commercial Conduct.**

Hermes's inducement allegations consist entirely of the types of ordinary commercial activities that *Hikma* held are insufficient to state a claim for induced infringement. Rather than alleging any affirmative act designed to encourage infringement, the Complaint alleges only that TCL Electronics makes, uses, offers to sell, sells, and imports accused products, distributes those products through established sales channels, operates a commercial website, and authorizes retailers to sell its products. Such allegations describe ordinary commercial conduct, not the "active steps" required to state a claim under 35 U.S.C. § 271(b).

First, Hermes repeatedly alleges that TCL Electronics "mak[es], us[es], offer[s] to sell, sell[s], and/or import[s]" accused products into the United States. Dkt. 4 (Complaint) at ¶¶ 3, 29, 31, 33. Hermes likewise alleges that TCL Electronics "plac[es] such products into the stream of commerce via established distribution channels" and "purposefully directs the Accused Products . . . into established distribution channels." *Id.* at ¶ 4. These allegations merely generically describe the ordinary commercial distribution of products. But the Supreme Court expressly held that "'ordinary acts incident to product distribution' are insufficient to support liability" for induced infringement. *Hikma*, 146 S. Ct. at 1400 (quoting *Grokster*, 545 U.S. at 937). Merely alleging that a defendant manufactures, imports, sells, and distributes products therefore does not plausibly plead the affirmative encouragement required by § 271(b).

The Complaint's allegations regarding TCL Electronics' website and retail channels fare no better. Hermes alleges that TCL Electronics "sells and offers to sell the Accused Products through its website, https://us.tcl.com/" and identifies several authorized retailers, including Walmart and Verizon, that allegedly sell accused products. Dkt. 4 (Complaint) at ¶ 4. These allegations describe nothing more than routine methods of marketing and selling consumer products. In *Hikma*, however, the Supreme Court rejected materially similar allegations based on

a defendant's website and commercial communications, holding that such statements did not plausibly constitute conduct "'designed'…'to stimulate others to commit' infringement." *Hikma*, 146 S. Ct. at *1402 (quoting *Grokster*, 545 U.S. at 937). Operating a commercial website through which products are sold is an ordinary incident of commerce, not an affirmative act encouraging customers to perform patented methods.

Nor does Hermes identify any statement by TCL Electronics that instructs, encourages, recommends, or otherwise promotes infringing use of the accused products. The Complaint does not quote any product manual, user instruction, technical document, advertisement, website content, or other communication that allegedly directs users to perform any claimed method. Instead, Hermes simply alleges that TCL Electronics "indirectly induces others, such as their affiliates and/or end user customers, to directly practice the method claims during the foreseeable and planned use of the" accused products. Dkt. 4 (Complaint) at ¶¶ 37, 48, 59. But that is merely a legal conclusion. It identifies no affirmative statement or conduct by TCL Electronics directed toward encouraging infringement. Under *Hikma*, such conclusory allegations cannot substitute for factual allegations showing "purposeful, culpable expression and conduct" or "'affirmative,' as opposed to passive, actions 'to bring about the desired result' of patent infringement." *Hikma*, 146 S. Ct. at 1394 (quoting *Grokster*, 545 U.S. at 937 and *Global-Tech*, 563 U.S. at 760).

Viewed as a whole, the Complaint alleges nothing more than that TCL Electronics sells products that customers may later use in an allegedly infringing manner. But *Hikma* squarely rejected that theory of inducement liability. The Supreme Court explained that § 271(b) does not impose liability based on "ordinary acts incident to product distribution" or allegations requiring only a speculative chain of events connecting ordinary commercial conduct to third-party infringement. *Id.* at *1400-1403. Because Hermes alleges only the ordinary commercial activities

that *Hikma* held are insufficient as a matter of law, the Complaint fails to state a plausible claim for induced infringement.

**C. *Hikma* Rejects Inferring an Inducement Theory from the Complaint as Impermissibly Speculative.**

The Complaint's inducement allegations are even more deficient than those rejected in *Hikma*. There, the plaintiff identified specific statements, including product labeling, press releases, website disclosures, and other commercial communications, and argued that healthcare providers ***could*** interpret those statements in a manner that would lead to infringement. *Hikma*, 146 S. Ct. at 1395. The Supreme Court nevertheless held that such allegations failed to state a claim because "[a]llegations of 'active steps' cannot be based only on 'vague' language 'combined with speculation about how [others] may act.'" *Id.* at 1395 (quoting *Takeda*, 785 F.3d at 632 (Fed. Cir. 2015)). The Court explained that the relevant inquiry is "whether [the plaintiff] plausibly alleged that [the defendant] actively encouraged infringing use, not merely whether [third parties] could plausibly read the alleged statements as instructions to infringe." *Id.* at 1396.

Here, Hermes does not even identify comparable statements or other affirmative conduct from which an inducement theory could plausibly be inferred. Aside from alleging that TCL Electronics "indirectly induces others, such as their affiliates and/or end user customers, to directly practice the method claims during the foreseeable and planned use of the" accused products, Dkt. 4 (Complaint) at ¶¶ 37, 48, 59, the Complaint identifies no statement, instruction, recommendation, advertisement, or other communication allegedly directed toward encouraging infringement. Instead, it simply asserts the ultimate legal conclusion that TCL Electronics induced infringement.

Even if the Court were to infer an inducement theory from the Complaint, that theory would necessarily depend on the same type of speculative chain of events that *Hikma* rejected as insufficient. The Court would have to infer that, because TCL Electronics sold accused products,

end users would use particular features, would do so in a manner satisfying every limitation of the asserted method claims, and that TCL Electronics intended and affirmatively encouraged that infringing use. But *Hikma* expressly rejected the argument that a plaintiff may survive dismissal merely by alleging "a plausible chain of events through which statements made by [the defendant] could lead" others to infringe. *Hikma*, 146 S. Ct. at 1400. As the Court further explained, "statements *designed* to stimulate others form a narrower category than statements that *could* stimulate others." *Id.* at *1400 (emphasis in original).

The Complaint here is even more deficient than the complaint in *Hikma*. There, the plaintiff at least identified concrete statements from which an inducement theory could be argued. Here, Hermes identifies no comparable affirmative conduct at all. If the allegations in *Hikma* were insufficient to state a plausible claim for induced infringement, Hermes's conclusory allegations necessarily fail as well.

## IV. HERMES FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT

### A. Hermes Does Not Plausibly Allege That the Only Named Defendant Committed Any Act of Direct Infringement.

To survive a motion to dismiss, a complaint must plead sufficient factual matter to permit the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. Applied here, Hermes must plausibly allege that the only named defendant, TCL Electronics, committed acts constituting direct infringement under 35 U.S.C. § 271(a). It fails to do so. Although Hermes chose to sue only TCL Electronics, the Complaint repeatedly attributes the alleged infringing conduct to an ever-changing collection of entities, including "TCL," the "TCL Group," subsidiaries, affiliates, agents, and business partners, without plausibly alleging which allegedly infringing acts were actually performed by the only named defendant.

The Complaint begins by alleging that TCL Electronics "does business in Texas and in the Eastern District of Texas, directly or through intermediaries, such as its wholly-owned subsidiaries and affiliates," and is "responsible for making, using, offering to sell, selling, and/or importing TCL-branded smartphones in the United States (directly or through its wholly-owned subsidiaries and affiliates)." Dkt. 4 (Complaint) at ¶ 3. Rather than identifying acts performed by TCL Electronics itself, Hermes expressly relies on unidentified "subsidiaries and affiliates" to establish the alleged domestic conduct.

The Complaint continues this pattern throughout. Paragraph 4, for example, alleges that "TCL induces its subsidiaries, affiliates, retail partners, and customers, along with its own actions," in the making, using, selling, offering for sale, and importing of accused products, and further alleges that "TCL, either directly or through its wholly-owned subsidiaries and affiliates, sells and offers to sell the Accused Products through its website." *Id.* at ¶ 4. Paragraph 5 then introduces a new defined term—the "TCL Group"—consisting of TCL Electronics and two U.S. subsidiaries. *Id.* at ¶ 5. Paragraph 6 alleges that "TCL and its U.S.-based subsidiaries and affiliates" operate "as parts of the TCL Group," and that, "[a]t the direction and control of TCL, the U.S.-based subsidiaries and affiliates . . . make, use, import, offer to sell, and/or sell TCL-branded smartphones." *Id.* at ¶ 6. Finally, Paragraph 7 alleges that "TCL, alone and through its U.S.-based subsidiaries and affiliates," places accused products into the stream of commerce. *Id.* at ¶ 7.

These allegations do not plausibly allege that TCL Electronics itself committed any act of direct infringement. Instead, the Complaint repeatedly shifts among "TCL," the "TCL Group," subsidiaries, affiliates, agents, business partners, and other unidentified entities, leaving both TCL Electronics and the Court to guess whose conduct supposedly gives rise to liability. That is not enough under Rule 8. A complaint must contain factual matter sufficient to permit the Court to

draw the reasonable inference that the defendant is liable for the alleged misconduct; "labels and conclusions" and "naked assertion[s] devoid of further factual enhancement" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. 555-57, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (alteration in original).

The Complaint's reliance on TCL Electronics' 2024 Annual Report underscores the deficiencies. Hermes alleges that the Annual Report identifies TCT Mobile as a principal subsidiary involved in the "[d]istribution of mobile devices" in the United States and TTE Technology as a principal subsidiary involved in the "[t]rading of TV products and related components" in the United States, then concludes that those entities are agents of TCL Electronics and that they make, use, import, offer to sell, and sell accused products "[a]t the direction and control of TCL." Dkt. 4 (Complaint) at ¶ 6. But even accepting those allegations as true, they describe alleged conduct by separate corporate entities—not conduct by TCL Electronics itself. The Complaint pleads no facts explaining why the allegedly infringing acts of those entities should automatically be attributed to the only named defendant for purposes of § 271(a).

Having elected to sue only TCL Electronics, Hermes was required to plausibly allege that TCL Electronics itself committed acts constituting direct infringement. It did not. Instead, the Complaint relies on shifting collective definitions and conclusory references to other entities without identifying which allegedly infringing acts were performed by the named defendant. Such collective pleading fails to state a plausible claim for direct infringement under Rule 12(b)(6).

**B. Hermes Fails to Plausibly Allege That Any Method Claim Was Practiced in the United States.**

For the asserted method claims, Hermes must plausibly allege that every claimed step was performed in the United States. It does not.

The Federal Circuit has held that a patented method is infringed under § 271(a) only when every claimed step is performed domestically. As the court explained: "Because a process is nothing more than the sequence of actions of which it is comprised, the use of a process necessarily involves doing or performing each of the steps recited. . . . We therefore hold that a process cannot be used 'within' the United States as required by section 271(a) unless each of the steps is performed within this country." *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005).

Hermes alleges only that TCL "directly practiced the method claims during the internal testing of the '720 Accused Products," "directly practiced the method claims during the internal testing of the '060 Accused Products," and "directly practiced the method claims during the testing of the '977 Accused Products." Dkt. 4 (Complaint) at ¶¶ 37, 48, 59. But the Complaint alleges no facts about that supposed testing. It does not allege who conducted it, where it occurred, when it occurred, or how it supposedly practiced every step of any asserted method claim.

That omission is fatal. The only named defendant is TCL Electronics, which Hermes itself alleges is a foreign corporation with its principal place of business in Hong Kong. *Id.* at ¶ 3. Yet the Complaint never alleges that TCL Electronics conducted any testing in the United States. Nor does it allege facts permitting the Court to plausibly infer that every step of any asserted method claim was performed domestically. Instead, Hermes offers only the conclusory assertion that TCL "directly practiced the method claims" during testing. *Id.* at ¶¶ 37, 48, 59.

Under *Twombly* and *Iqbal*, Hermes cannot rely on speculation to fill that gap. At most, the Complaint suggests only the possibility that the alleged testing occurred in the United States, but possibility is not plausibility. Because Hermes fails to allege facts showing that every step of the

asserted method claims was performed in this country, it fails to plausibly plead direct infringement of those claims under § 271(a). *See NTP*, 418 F.3d at 1318.

**C. Hermes Fails to Plausibly Allege Direct Infringement of the Asserted Apparatus Claims.**

Hermes's apparatus-claim allegations fail for the same defendant-specific pleading defect discussed above. Section 271(a) imposes liability only on one who, without authority, "makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention." 35 U.S.C. § 271(a). Thus, for the asserted apparatus claims, Hermes must plausibly allege that TCL Electronics itself made, used, offered to sell, sold, or imported the accused apparatus within or into the United States.

Hermes does not do so. For the '720 Patent, Hermes alleges that "TCL further directly and/or through its subsidiaries, affiliates, agents, and/or business partners" infringes exemplary apparatus claims 8–11 and 13–15 "by making, using, selling, or offering to sell, and/or importing in the United States, the '720 Accused Products." Dkt. 4 (Complaint) at ¶ 38. For the '977 Patent, Hermes similarly alleges that "TCL directly and/or jointly through its subsidiaries, affiliates, agents, and/or business partners" infringes exemplary apparatus claims 6–9 "by making, using, selling, or offering to sell, and/or importing in the United States, the '977 Accused Products." *Id.* at ¶ 57.

Those allegations recite the statutory acts of infringement, but they do not plead facts showing that TCL Electronics itself performed any of those acts in the United States. The Complaint does not allege facts showing that TCL Electronics, a foreign corporation with its principal place of business in Hong Kong, made accused products in the United States, used accused products in the United States, imported accused products into the United States, or itself sold or offered to sell accused products in the United States. *Id.* at ¶ 3. Instead, Hermes again relies

on collective references to "TCL," "subsidiaries," "affiliates," "agents," and "business partners," without identifying which entity supposedly performed which domestic act.

That is insufficient under Rule 8. The Complaint must contain factual matter permitting the Court to draw a reasonable inference that the named defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. Here, Hermes has pleaded only statutory conclusions and unspecified, collective allegations. Because those allegations do not plausibly show that TCL Electronics itself committed any domestic act of direct infringement under § 271(a), the apparatus-claim allegations should be dismissed.

## V. CONCLUSION

For the foregoing reasons, Defendant TCL Electronics Holdings Limited respectfully requests that the Court grant its Motion to Dismiss pursuant to Rule 12(b)(6) and dismiss Hermes IP, LLC's Complaint.

DATED: July 20, 2026

Respectfully submitted,

By: *<u>/s/ Donald R. McPhail</u>*

Donald R. McPhail (DC Bar No. 444508)
dmcphail@vcip.us
Nicole S. Cunningham (CA Bar No. 234390)
ncunningham@vcip.us
Steven A. Moore (CA Bar No. 232114)
smoore@vcip.us
Emily M. Heim (FL Bar No. 1015867)
eheim@vcip.us
**VANGUARD CREST P.C.**
1500 K Street, NW, Ste. 228
Washington, D.C., 20006
Main: (771) 777-8280
Direct: (771) 777-8289

*Attorneys for TCL Electronics Holdings Limited*

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2026, I electronically filed the foregoing **DEFENDANT TCL ELECTRONICS HOLDINGS LIMITED'S RULE 12(b)(6) MOTION TO DISMISS** with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the parties through the Court's Electronic Case Filing System.

By: */s/ Donald R. McPhail*
Donald R. McPhail (DC Bar No. 444508)
**VANGUARD CREST P.C.**